IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AUSENCIO ESTRADA-MONTALVO, 37255-177, ) <br> Petitioner, ) <br> v. ) <br>  ) <br> UNITED STATES OF AMERICA, ) <br> Respondent. ) | 3:09-CV-2472-P <br> 3:08-CR-0009-P |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255.

### I. Procedural background

On January 16, 2008, Petitioner pled guilty to one count of illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). On April 16, 2008, he was sentenced to 90 months imprisonment and three years supervised release. On January 14, 2009, the Fifth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. *United States v. Estrada-Montalvo*, 306 Fed. Appx. 864 (5th Cir. 2009) (unpublished).

On December 29, 2009, Petitioner filed the instant § 2255 petition. He argues he received ineffective assistance of counsel when:

(1) Counsel failed to challenge or suppress the use of his prior burglary conviction as a sentencing enhancement;

(2) Counsel failed to subject the government's case to adversarial testing to prove:

    (a) the existence of a prior conviction; and

    (b) that Petitioner's prior burglary conviction was a crime of violence;

Page 1

(3) Counsel failed to challenge the incorrect calculation of Petitioner's criminal history; and

(4) Appellate counsel conceded that the judicial confession supported the Government's argument that Petitioner's prior conviction was a crime of violence.

On March 8, 2010, Respondent filed its answer. On April 5, 2010, Petitioner filed a reply. For the foregoing reasons, the Court DENIES the petition.

## II. Discussion

### Ineffective Assistant of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A. Failure to challenge or suppress enhancement

Petitioner argues his counsel was ineffective because he failed to challenge or suppress the use of his prior burglary conviction as a sentencing enhancement. Under USSG § 2L1.2(b)(1)(A)(ii), a sixteen-level enhancement was applied to Petitioner's sentence because of Petitioner's prior burglary conviction. USSG § 2L1.2(b)(1)(A)(ii) states:

> If the defendant previously was deported, or unlawfully remained in the United States, after – (ii) a crime of violence
> . . .
> Increase by 16 levels.

The Court in this case found that Petitioner was previously deported, and that his previous conviction for burglary was a crime of violence. The Court therefore applied the 16 level enhancement.

During sentencing, defense counsel argued the 16-level was improper because the burglary conviction was not a crime of violence. (Sent. Tr. at 4.) Defense counsel also filed objections to the PSR based on this claim. The Court, however, overruled defense counsel's objections. (*Id.* at 5.)

Petitioner has failed to show his counsel failed to argue that the burglary conviction was not a crime of violence under USSG § 2L1.2(b)(1)(A)(ii), or that his counsel was constitutionally deficient. This claim is denied.

### B. Failure to Subject Government to Adversarial Testing

Petitioner argues his counsel was deficient because counsel failed to subject the government's case to adversarial testing by requiring the government to: (1) prove the existence of a prior conviction; and (2) prove the prior conviction was a crime of violence under USSG §

2L1.2(b)(1)(A)(ii).

Petitioner's prior burglary conviction was listed in the PSR. (PSR ¶ 24.) The PSR also contains the judicial confession that Petitioner signed in the burglary case showing that Petitioner admitted he committed the burglary. (PSR at p.26.) Petitioner has failed to show his counsel was deficient for failing to object that the government did not prove the existence of a prior burglary conviction.

Petitioner also fails to show his counsel was deficient for failing to argue the prior burglary conviction was not a crime of violence. As discussed above, defense counsel did argue the conviction was not a crime of violence, and the Court overruled defense counsel's objections.

### C.     Criminal History

Petitioner argues his counsel was ineffective because he failed to challenge the incorrect calculation of his criminal history score. Petitioner was assessed three criminal history points for the three year state sentence imposed after revocation of his state probation. (PSR ¶ 24). Section 4A1.2(k)(1) of the Sentencing Guidelines states:

> In the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1(a), (b) or (c) as applicable.

After being convicted in state court of burglary of a habitation, Petitioner was sentenced to five years probation. (PSR ¶ 24.) When that probation was revoked, he was sentenced to three years in prison. *Id.*

Section 4A1.1(a) of the Sentencing Guidelines requires that three criminal history points be added for each prior sentence of imprisonment exceeding one year and one month. Therefore,

the assessment of three criminal history points for this conviction was proper. Petitioner has failed to show his counsel was constitutionally deficient.

### D. Appellate Counsel

Petitioner argues his appellate counsel was ineffective because counsel conceded that the judicial confession from Petitioner's state burglary conviction showed that the conviction was a crime of violence.

The Texas burglary statute states:

(a) A person commits an offense if, without the effective consent of the owner, the person:
    (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
    (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
    (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Tex. Penal Code § 30.02.

The Fifth Circuit has determined that section 30.02(a)(1) constitutes a crime of violence under USSG 2L1.2, while section 30.02(a)(3) does not. *See United States v. Herrera-Montes*, 490 F.3d 390, 391 (5th Cir. 2007) (finding Tennessee burglary statute was not a crime of violence because it did not require proof of intent to commit crime at the time of unlawful entry); *United States v. Constante*, 544 F.3d 584 (5th Cir. 2008) (finding Texas Penal Code § 30.02(a)(3) does not constitute a crime of violence for purposes of the Armed Career Criminal Act); *United States v. Castro*, 272 Fed. Appx. 385, *1 (5th Cir. 2008) (per curiam) (finding Texas Penal Code § 30.02(a)(3) does not require intent to commit a crime upon unlawful entry and is therefore not a crime of violence under USSG 2L1.2).

Petitioner states he pled guilty to section 30.02(a)(3), but not 30.02(a)(1). The indictment charged Petitioner in the conjunctive with violating both sections (a)(1) and (a)(3). (PSR at p.25.) The judicial confession also listed both sections (a)(1) and (a)(3). The Fifth Circuit has determined that where a defendant's judicial confession states that he "committed each and every allegation [the indictment] contains," the judicial confession is sufficient to support a finding that the defendant violated all sections listed in the indictment. *See United States v. Valdes*, 403 Fed. Appx. 885, *6 (5th Cir. Dec. 7, 2010).

In this case, Petitioner's judicial confession stated, "I further judicially confess that I committed the offense with which I stand charged exactly as alleged in the indictment." (Resp. Appendix). The indictment charged violations of both 30.02(a)(1) and (a)(3). (PSR at p.25.) Petitioner has therefore failed to show that appellate counsel was ineffective for failing to argue that Petitioner's state burglary conviction was not a crime of violence under USSG § 2L1.2.

### III. Conclusion

For the foregoing reasons, Petitioner's § 2255 claims are DENIED with prejudice.

IT IS SO ORDERED.

Signed this 12th day of August, 2011.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE